**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **WEI ZHENG,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )   **Case No. CIV-26-834-HE** |
| | ) |
| **TODD LYONS[1], et al.,** | ) |
| | ) |
| **Respondents.[2]** | ) |

**<u>REPORT AND RECOMMENDATION</u>**

Petitioner Wei Zheng, a citizen of the People's Republic of China, proceeding with counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE").[3] (Doc. 1).[4]  United States District Judge Joe Heaton referred the matter to the undersigned

---

[1] David Venturella was announced as Acting Director of U.S. Immigration and Customs Enforcement on June 1, 2026.  He replaces Todd Lyons and is substituted as the proper respondent pursuant to Federal Rule of Civil Procedure 25(d).

[2] Chris Gantt has succeeded Dr. Scarlet Grant as Warden of Cimarron Correctional Facility. Pursuant to Federal Rule of Civil Procedure, 25(d), Mr. Gantt is automatically substituted as a Respondent in this action.  The Response was not filed on behalf of Mr. Gantt because he is not a federal official.  (Doc. 14, at 2 n.1).  The undersigned concludes that a separate response from Warden Gantt is not necessary to resolve this matter.

[3] Petitioner is housed at the Cimarron Correctional Facility in Cushing, Oklahoma.  (Doc. 1, at 4).

[4] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

1

Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). (Doc. 5).  In accordance with the briefing schedule (Doc. 12), Respondents timely filed a response.  (Doc. 14).  Petitioner timely filed a reply.  (Doc. 15).  As fully set forth below, the undersigned recommends that the Petition be **DENIED** and that this action be **DISMISSED WITHOUT PREJUDICE**.

## I.      Factual Background

Petitioner is a citizen of the People's Republic of China.  (Doc. 14, at Ex. 1, at 1). Petitioner was admitted to the United States on May 20, 2017, at John F. Kennedy International Airport in New York, as an F-1 non-immigrant student authorized to attend the University of Massachusetts Boston for duration of status.  (*Id.*)

Petitioner filed an affirmative application for asylum and withholding of removal with United States Citizenship and Immigration Services ("USCIS").  (Doc. 14, at Ex. 7). USCIS did not grant the application and referred the matter to an immigration judge for adjudication.  (*Id*. at Ex. 8).  On March 1, 2018, the Department of Homeland Security ("DHS") issued a Notice to Appear charging Petitioner as removable under 8 U.S.C. § 1227(a)(1)(C)(i), as a non-immigrant who failed to maintain or comply with the conditions of the status under which he was admitted.  (*Id*. at Ex. 1, at 1).

On July 7, 2025, an Immigration Judge ordered Petitioner removed to China.[5]  (*Id.* at Ex. 2, at 3).  Petitioner appealed to the Board of Immigration Appeals ("BIA").  (*Id.* at

---

[5] The written removal order reflects an oral decision entered on July 7, 2025, with an appeal due August 6, 2025.  (Doc. 14, at Ex. 2, at 1, 4).  Other documents in the record state that

Ex. 3). The appeal remains pending, and no final order of removal has been entered. (Doc. 14, at 2; Doc. 1, at 7).

On February 26, 2026, Petitioner was arrested by officers from the Oklahoma Bureau of Narcotics, who encountered him while executing a search warrant for an illegal marijuana growing operation. (Doc. 14, at Ex. 5, at 2). On February 27, 2026, DHS issued a warrant for Petitioner's arrest. (*Id*. at Ex. 4). Petitioner was transferred from the Tulsa County Jail to the ICE Enforcement and Removal Operations Tulsa sub-office for administrative processing. (*Id*. at Ex. 5, at 2). At some point, Petitioner was transferred to the Cimarron Correctional Facility in Cushing, Oklahoma, where he remains detained.[6]

Petitioner requested a custody redetermination hearing before an Immigration Judge. (*Id*. at Ex. 9). At the hearing on April 2, 2026, an Immigration Judge denied Petitioner's request for bond, finding that Petitioner's lack of employment history and family ties in the United States in combination with his pending order of removal created a "significant flight risk, which [could not] be mitigated by the evidence submitted." (*Id*. at Ex. 6, at 2). The Immigration Judge issued a written order detailing the findings supporting the denial and advising Petitioner of his right to appeal the decision to the BIA. (*Id*.) Petitioner did not appeal. (Doc. 14, at 8). Petitioner filed the instant Petition on April 16, 2026, two weeks after the bond hearing. (Doc. 1).

---

the asylum application was denied on July 25, 2025. (*Id*. at Ex. 6, at 2). The undersigned concludes the discrepancy is immaterial to the issues presented.

[6] *See* ICE Detainee Locator, locator.ice.goc/odls/#/results (last visited July 29, 2026).

**II.    Petitioner's Claims**

As an initial matter, the Petition relied on factual assumptions that Respondents have since proven to be inaccurate.  Most significantly, Petitioner assumed (1) that Respondents were taking the position that Petitioner's detention is governed by the mandatory detention provision at 8 U.S.C. § 1225(b) and (2) that Petitioner had not received a bond hearing. (*See* Doc. 1, at 5, 7, 9).  However, Petitioner requested and received a bond hearing on April 2, 2026, two weeks before filing the instant Petition.  (Doc. 14, at Ex. 6, at 1). Respondents do not dispute that Petitioner is detained under § 1226(a).  (Doc. 14, at 7).  In his Reply, Petitioner abandons many of the claims raised in the Petition, including the grounds premised on 8 U.S.C. § 1231 and on constitutional avoidance.  (*See* Doc. 15).

Construing the Reply as supplementing the Petition, Petitioner raises a procedural due process claim directed at the April 2, 2026, bond hearing, resting on two distinct arguments.  First, Petitioner contends the governing framework is itself constitutionally deficient because it required him to prove his entitlement to release rather than requiring the government to justify his continued confinement by clear and convincing evidence. (Doc. 15, at 10-11).  Second, Petitioner contends the Immigration Judge's flight risk determination rested on generalized assumptions tied to his immigration status rather than on individualized evidence.  (*Id.*)  Petitioner separately raises a substantive due process claim, asserting that his continued civil detention has become excessive in relation to its regulatory purpose and therefore punitive.  (Doc. 1, at 9-10; Doc. 15, at 18-19).

Petitioner's requested relief has narrowed.  The Petition sought a bond hearing within seven days or, alternatively, immediate release.  (Doc. 1, at 10).  The Reply instead

requests only a new bond hearing at which the government "bear[s] the burden of proving by clear and convincing evidence that continued detention is necessary." (Doc. 15, at 20).

## III.    Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## IV.    Analysis

### A.    Petitioner Is Not Required to Exhaust Administrative Remedies.

A non-citizen detained under § 1226(a) is entitled to a bond hearing at which he can argue to an Immigration Judge that he should be released while he awaits removal proceedings because he is not a danger to others or at risk for non-appearance. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).    An Immigration Judge's decision to continue detention may in turn be appealed to the BIA. 8 C.F.R. § 236.1(d)(3).  A non-citizen may also seek further custody redetermination at any time his circumstances have materially changed. *Id*. § 1003.19(e).  Respondents argue that the Petition should be dismissed because Petitioner failed to exhaust these administrative remedies, having neither appealed the Immigration Judge's bond denial to the BIA nor sought a second custody redetermination. (Doc. 14, at 7-9).

While generally "the exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief[,] . . . the statute itself does not expressly contain such

a requirement." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) (citation modified). The Tenth Circuit has held that "[c]hallenges to immigration detention are properly brought through habeas[,] [a]nd the exhaustion deficiencies we have noted in other respects do not affect habeas jurisdiction over such claims." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

Moreover, "[e]xhaustion is typically nonjurisdictional," and courts "treat a rule as jurisdictional only if Congress clearly states that it is." *Santos-Zacaria v. Garland*, 598 U.S. 411, 416-17 (2023) (citation modified). Section 1226(a), the statute governing Petitioner's detention, does not contain any express exhaustion requirement. *See Salvador F.-G. v. Noem*, No. 25-CV-0243, 2025 WL 1669356, at *6 (N.D. Okla. June 12, 2025) ("[Section] 1226 contains no clear rule that requires exhaustion of administrative remedies."). "Where Congress has not clearly required exhaustion," making it nonjurisdictional, "sound judicial discretion governs." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). District courts in this circuit have consistently found exhaustion unnecessary for non-citizens challenging detention under § 1226(a). *See Repela v. ICE Field Off. Dir.*, No. 26-CV-00552, 2026 WL 776123, at *2 (D. Colo. Mar. 19, 2026) ("[E]ven though a noncitizen detained pursuant to § 1226 may request a bond hearing, they are not required to do so before they can pursue § 2241 habeas relief.").

Because neither § 2241 nor § 1226(a) requires exhaustion, the undersigned is not persuaded that Petitioner was obligated to appeal the Immigration Judge's bond determination or request a second custody redetermination hearing before seeking habeas relief. The undersigned recommends that the Court reach the merits of the Petition.

**B.** **Section 1226(e) Forecloses Review of the Immigration Judge's Discretionary Bond Determination.**

Respondents assert that 8 U.S.C. § 1226(e) deprives the Court of jurisdiction to review an Immigration Judge's discretionary bond decision and that Petitioner's challenge amounts to a request to reweigh the factors the Immigration Judge already considered. (Doc. 14, at 9-10).  Petitioner responds that § 1226(e) forecloses review of discretionary bond judgments but leaves intact habeas jurisdiction over constitutional challenges to detention procedures. (Doc 15, at 14-16).  Each side is in part correct, and the two procedural arguments Petitioner raises fall on opposite sides of the line drawn by the statute, as will be described below.

Congress has withdrawn from the federal courts the authority to review discretionary custody determinations made under § 1226.  *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole").  Section 1226(e) precludes this Court from reviewing the Immigration Judge's weighing of the bond factors and the resulting conclusion drawn from that weighing.  *See Makarevich v. Bondi*, No. 1:25-CV-01002-KG-JHR, 2025 WL 3653895, at *1 (D.N.M. Dec. 17, 2025) ("Any challenge to the IJ's bond determination seeks review of a discretionary judgment that § 1226(e) expressly bars."); *Cruz v. Mullin*, No. 26-CV-00312-PAB-NRN, 2026 WL 1020491, at *2 (D. Colo. Apr. 15, 2026); *Adejola v. Barr*, 439 F. Supp. 3d 120, 130 (W.D.N.Y. 2020) (finding that arguments that the IJ assessed the

evidence incorrectly or improperly weighed particular aspects of the record fall beyond the court's jurisdiction).

However, the statute does not displace jurisdiction over constitutional challenges to the detention framework itself.  *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1178 n.12 (D. Colo. 2024) (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022)); *Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 324646, at *2 (W.D. Okla. Feb. 6, 2026).   The distinction is between an attack on the procedures employed and an attack on the result those procedures produced.   A petitioner may not evade the jurisdictional bar by characterizing the latter as the former.  *See Hernandez v. Holder*, 450 F. App'x 773, 775 (10th Cir. 2011) ("Discretionary agency decisions may not be recast as constitutional claims or questions of law simply to invoke [the Court's] jurisdiction."); *Mwangi v. Terry*, 465 F. App'x 784, 786 (10th Cir. 2012) (affirming that the district court lacked jurisdiction to review an immigration judge's discretionary denial of bond); *Salaria v. Grant*, No. CIV-26-141-D (W.D. Okla. May 13, 2026) ("Although Petitioner couches his claim in constitutional terms, he is asking the Court to re-weigh the evidence presented at the bond hearing and second guess the immigration judge's assessment.").

Petitioner's second procedural argument falls on the barred side of that line.   There, Petitioner argues that the Immigration Judge's flight risk determination rested on generalized assumptions tied to his immigration status instead of individualized evidence. (Doc. 15, at 12).   However, the record establishes that the Immigration Judge identified the governing bond factors and assessed these factors in relation to Petitioner's circumstances.

8

The Immigration Judge made factual determinations including Petitioner's manner of entry, the denial of his asylum application, his employment history, and his familial ties in the United States; the Immigration Judge then took these findings into account and declined to permit Petitioner's release on bond.  (Doc. 14, at Ex. 6, at 1-2).  Petitioner's quarrel is with the weight assigned to those facts and with the conclusion drawn from them.  The relief sought would require the Court to reweigh the bond record and substitute its own judgment for that of the Immigration Judge.  Section 1226(e) forecloses that review.  *See Perez v. Grant*, No. CIV-26-596-SLP, 2026 WL 1182039, at *5 (W.D. Okla. Apr. 30, 2026) (habeas relief is appropriate only where the exercise of discretion "was so arbitrary that it would offend fundamental tenets of due process," and courts "cannot override an immigration judge's bond decision simply because they might have reached a different result") (quoting *Nucamendiz v. Hyde*, No. 25-CV-13851, 2026 WL 221449, at *2 (D. Mass. Jan. 28, 2026)).

To the extent Petitioner challenges the constitutionality of the procedures themselves rather than the outcome they produced, the Court retains jurisdiction, and the undersigned addresses that argument below.

**C.    Petitioner's Procedural Due Process Claim Should Be Denied.**

"[U]nder current BIA precedent, a noncitizen detained under § 1226(a) must demonstrate to the satisfaction of the immigration judge that he merits release on bond, which requires proof that he is neither a danger to the community nor a flight risk." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 27 (1st Cir. 2021) (citation modified). The Immigration Judge applied that framework here. (Doc. 14, at Ex. 6, at 1).  Petitioner

9

contends the framework is constitutionally deficient and asks the Court to order a new hearing at which the government must justify continued detention by clear and convincing evidence. (Doc. 15, at 10-11). Respondents argue that the record defeats any challenge to the adequacy of the previous bond hearing, because the Immigration Judge provided a reasoned, individualized determination denying bond based on evidence in the record. (Doc. 14, at 10).

"[This] court has previously determined the Fifth Amendment Due Process clause is not offended by leaving the burden of proof on the non-citizen in a § 1226(a) bond hearing." *Pupo Socarras v. Figueroa*, No. CIV-26-0571-HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026) (citing *Singh v. Mullin*, CIV 26-712-HE, Doc. 13, at 6 (W.D. Okla. June 18, 2026) ("[T]he court concludes petitioner is not entitled, as a matter of Fifth Amendment Due Process, to a hearing at which the burden of proof is on the government."). *See also Adediran v. Figueroa*, No. CIV-26-801-J, Doc. 15, at 5 (W.D. Okla. July 24, 2026) (addressing request for burden shifting and finding, "[a]bsent binding authority resolving this issue, and because Petitioner's request would substantially alter the existing framework, the Court declines to hold on this limited record that due process requires a different procedure"); *Toro v. Mullin*, CIV-26-315-JD, Doc. 19, at 18 (W.D. Okla. May 12, 2026) ("Balancing all three factors, the Court agrees with the Fourth and Ninth Circuits in concluding that, at least on the facts of this case, § 1226(a)'s existing bond procedures supply adequate process."). In the interests of judicial economy, the

10

undersigned recommends that the Court follow its previous reasoning declining to order a burden-shifted bond hearing.[7]

### D.   Petitioner's Substantive Due Process Claim Also Fails.

Petitioner separately raises a substantive due process claim. (Doc. 15, at 19). Where procedural due process asks whether adequate procedures were used, substantive due process asks whether the Government has a constitutionally sufficient justification to detain Petitioner at all. *See Santillan Quiroz v. Mullin*, --- F.4th ----, 2026 WL 1876709, at *16 n.12 ("[Q]uestions about the types of justifications capable of supporting detention sound in substantive due process, while questions about procedures used for proving the satisfaction of a given justification sound in procedural due process.").   Civil detention comports with substantive due process where "in certain special and narrow nonpunitive circumstances . . . a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (quoting *Kansas v. Hendricks*, 521 U.S. 346, 356 (1997)).  The inquiry is comparative,

---

[7] The undersigned has routinely recommended, on due process grounds, ordering a bond hearing that requires the government to prove dangerousness or risk of flight by clear and convincing evidence. *See, e.g.*, *Velazquez v. Johnson*, No. CIV-26-1111-J, Doc. 11, at 6-19 (W.D. Okla. July 2, 2026).  In the absence of authority from the Supreme Court or the Tenth Circuit, the undersigned continues to find the First and Second Circuit's rulings on the issue persuasive, while acknowledging the well reasoned approach of this Court. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 39-40 (1st Cir. 2021) (holding that at a § 1226(a) bond hearing, due process requires the government to bear the burden of proving the alien's dangerousness by clear and convincing evidence or flight risk by a preponderance of the evidence); *Velasco Lopez v. Decker*, 978 F.3d 842, 855-57 (2d Cir. 2020) (holding that when an alien is subject to prolonged incarceration under § 1226(a), the appropriate remedy is a bond hearing at which the government bears the burden of proving dangerousness or flight risk by clear and convincing evidence).

requiring the Court "to weigh [the petitioner's] constitutionally protected interest in avoiding detention against the Government's special justification for detaining [him]." *Requejo Roman*, 816 F. Supp. 3d at 1284-85. A non-citizen thus retains a "substantive due process right to be free of arbitrary confinement pending deportation proceedings." *Doherty v. Thornburgh*, 943 F.2d 204, 209 (2d Cir. 1991).

Respondents do not address the substantive due process claim separately, contending more generally that Petitioner's arrest and continued detention under § 1226(a) are lawful and that the Petition should be dismissed. (Doc. 14, at 7, 11).

The special justification supporting Petitioner's detention is the one the Supreme Court has long recognized as sufficient during the pendency of removal proceedings: securing the non-citizen's appearance and protecting the community until those proceedings conclude. *See Demore v. Kim*, 538 U.S. 510, 523 (2003); *Zadvydas*, 533 U.S. at 690-91. Detention under § 1226(a) is bound by that purpose and terminates when removal proceedings end. *See Jennings*, 583 U.S. at 303. Petitioner's detention therefore differs in kind from the post-final-order detention at issue in *Zadvydas*, where the Supreme Court confronted the prospect of confinement without any foreseeable endpoint. *Zadvydas*, 533 U.S. at 690-91.

Weighed against that justification, Petitioner's showing is insufficient. Petitioner's arrest followed the execution of a state narcotics search warrant, and the immigration warrant rested on the pendency of ongoing removal proceedings. (Doc. 14, at Ex. 4; *Id.*, at Ex. 5, at 2). Nor is Petitioner's detention arbitrary. Petitioner received an individualized custody determination within one week of requesting one, retained the right to appeal that

12

determination to the BIA, and may seek a further custody redetermination at any time his circumstances materially change. 8 C.F.R. §§ 236.1(d)(3), 1003.19(e). The undersigned accordingly recommends that the Court find Petitioner's continued detention under § 1226(a) consistent with substantive due process.

## V.     Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition (Doc. 1) be **DENIED** and that this action be **DISMISSED WITHOUT PREJUDICE**. The undersigned further recommends that Petitioner's Motion to Expedite (Doc. 16) be **DENIED as moot**.

**The Court advises the parties of their right to object to this Report and Recommendation by August 6, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[8] The Court advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

[8] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 30th day of July, 2026.

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE